RUFUS STEVENS *versus* HORACE BRAGDON & *al.*

In an action to recover possession of a lot of land, the certificate of the Land Agent of the State, permitting the defendant to enter upon the lot, as a settler, with proof that he has performed all the duties of a settler, but that the Agent has conveyed the lot to demandant's grantor, affords him no legal ground of defence.

ON REPORT from *Nisi Prius*, HATHAWAY, J.

WRIT OF ENTRY. The material facts contained in the report appear in the opinion of the Court.

*J. Granger,* for plaintiff.

*S. H. Blake, Tabor* and *Smith,* for defendants.

CUTTING, J. — The demandant has brought his action to recover possession of lot numbered twenty-three, in township numbered eleven, in the fifth range in the county of Aroostook, containing a fraction over one hundred and forty acres. And, to establish his title, first introduced deeds of warranty of the demanded premises from one Thomas F. Cook to Mark Shepard, dated March 24, 1845, and, from Shepard to himself, of June 4, 1846, and subsequently, in the progress of the trial, quit-claim deeds from the Land Agent to Josiah H. Blake, of Sept. 18, 1855, and from Blake to himself, of July 24, 1856.

The tenants introduced no title deeds, but did produce the Land Agent's certificate to Edward Stevens, dated December 31, 1851, giving him permission to enter as a settler upon the lot, and certifying that, upon his faithful performance of all the duties required of a settler, he would, without further consideration, be entitled to a good and sufficient deed from the State. And they further produced testimony tending to show that Bragdon was tenant in possession under Edward Stevens, and that the latter had complied with the conditions of the certificate, and was entitled to his deed, but that the Land Agent had improperly conveyed to Blake. All of which was denied by the demandant, who, on his part, introduced evidence tending to prove that, prior to 1851, he was in possession,

claiming to hold under his deed from Shepard, that he cleared and cultivated the land, and performed the settlers' duties, and resided on the lot up to 1856, when his brother Edward induced him to quit, through fear of great personal violence.

We have carefully examined the evidence touching these disputed points, and have come to the conclusion that it greatly preponderates in favor of the demandant, in whom is the legal title without the parol testimony, the introduction of which discloses no legal or equitable defence. The improvements by the tenants have been too recent to raise the question of betterments. According to the agreement of the parties, the tenant must be *defaulted*.

TENNEY, C. J., RICE, APPLETON, HATHAWAY and GOODE-NOW, J. J., concurred.